# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV1235CAS/MLM |
| | ) | |
| MICHAEL BOWERSOX, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the court is the Petition Under 28 U.S.C. § 2254 by a Person in State Custody filed by Petitioner Joseph Allen ("Petitioner"). Doc. 1. Respondent filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted. Doc.6. Petitioner filed a Traverse. Doc. 9. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). Doc. 4.

## I.
## BACKGROUND

Petitioner was charged by Indictment with the class B felony of burglary in the first degree, in that on April 11, 2001, in the City of St. Louis, Petitioner "knowingly entered unlawfully in an inhabitable structure, located at 4931 McPherson, Apt. B, and possessed by Paul Weiss, for the purpose of committing a stealing therein, and while in such inhabitable structure there was present in such inhabitable structure, Paul Weiss, a person who was not a participant in the crime." Petitioner was charged as a prior and persistent offender. Resp. Ex. D at 18-19.

At Petitioner's trial Paul Weiss, the victim, testified that on April 11, 2001, he returned to his apartment after having dinner with a friend; that at about 11:00 p.m. Mr. Weiss was awakened by the sound of someone walking in his apartment; that Mr. Weiss saw Petitioner standing in the doorway

of his bedroom; that Mr. Weiss jumped up, pushed Petitioner against the wall, and struggled with him; that Petitioner ran out of the apartment into the hallway; that Petitioner dropped a toolbox in the hallway; that Mr. Weiss chased Petitioner out the security door of the building, which door locked behind Mr. Weiss; that while Mr. Weiss was deciding which neighbor he should call, Petitioner came up to him and told him that he wanted to have his toolbox back; that Petitioner refused to leave until he recovered his toolbox; that a neighbor slightly opened the security door and asked what was happening; that Petitioner then forced the door open, grabbed his toolbox and ran away; that Mr. Weiss returned to his apartment and saw Petitioner lingering in the alley behind the apartment building; that Mr. Weiss yelled at Petitioner and Petitioner fled; that Mr. Weiss then called the police and gave the police a description of Petitioner; that the next morning he found Petitioner's Salvation Army identification card on the floor of his apartment; and that Mr. Weiss called the police to inform the police of this discovery. Resp. Ex. E, Tr. at 211-24, 262.  Also, on the afternoon of the day he found the identification card Mr. Weiss identified Petitioner in a photographic lineup.  About a month later he identified Petitioner in a live lineup and positively identified him as the man in his apartment. Tr. at 228-31, 258, 270-74.  Petitioner did not testify at his trial.

After the jury found Petitioner guilty of burglary in the first degree and the trial court found Petitioner to be a prior and persistent offender, the trial court sentenced Petitioner to twenty-five years imprisonment. Resp. Ex. D at 73-74.

Petitioner filed a direct appeal.  The Missouri appellate court affirmed Petitioner's conviction on October 19, 2004, and issued the mandate on November 10, 2004. Resp. Ex. G; Resp. Ex. H. Petitioner filed a post-conviction relief motion on January 31, 2005. Resp. Ex. M at 1.  The court appointed counsel who filed an amended post-conviction relief motion. Resp. Ex. M at 1.  The motion court denied Petitioner's post-conviction relief motion. Resp. Ex. M at 2.  Petitioner filed an

appeal of the motion court's decision. Resp. Ex. I. The Missouri appellate court affirmed the decision

of the motion court denying Petitioner post-conviction relief and issued its mandate on September

18, 2007. Resp. Ex. N at 3.

Petitioner filed his § 2254 Petition on August 22, 2008. Doc. 1.

## II.
## TIMELINESS

Respondent contends that Petitioner's § 2254 Petition is untimely. Petitioner argues that his

Petition is timely. Section 2244(d)(1) establishes a 1-year limitation period applicable to petitions

filed pursuant to § 2254.

The limitation period of § 2244(d)(1) runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review
or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action
in violation of the Constitution or laws of the United States is removed, if the
applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the
Supreme Court, if the right has been newly recognized by the Supreme Court and
made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could
have been discovered through the exercise of due diligence.

For a Missouri defendant, a "judgment becomes final for purposes of appeal when the

judgment and sentence are entered." State v. Holtze, 250 S.W.3d 745, 746 (Mo. Ct. App. 2008)

(citing State v. Welch, 865 S.W.2d 434, 435 (Mo. Ct. App. 1993). An appeal must be filed within

ten days thereafter. State ex rel. Wagner v. Ruddy, 582 S.W.2d 692, 693 (Mo. banc 1979). The same

time limit applies to those cases where an appeal is permitted from a guilty plea. State v. Werbin, 597

S.W.2d 663, 664 (Mo. App.1980)." State v. Harris, 863 S.W.2d 699, 700 (Mo. Ct. App. 1993). The

Eighth Circuit explained, in Williams, 299 F.3d at 983, as follows:

We stated in [Peterson v. Gammon, 200 F.3d 1202 (8th Cir.2000)] that a post-conviction application remains "pending" for the entire period during which a notice of appeal "would be timely, assuming such a notice was in fact filed." See id. at 1205. ... Peterson did not say that the statute of limitations was tolled only if the petitioner filed a timely appeal; it said that it was tolled if he or she did so. Although we have not answered the question directly, those circuit courts that have addressed it have concluded that the application is "pending" (and thus the limitations period is tolled) during the appeal period, even if the petitioner does not appeal. See Gibson v. Klinger, 232 F.3d 799, 803-04 & n. 1 (10th Cir.2000); Swartz v. Meyers, 204 F.3d 417, 420-24 (3d Cir. 2000).

When a Missouri prisoner files for transfer to the Missouri Supreme Court "there is no question he [is] entitled to the expiration of the time allotted for filing a petition for a writ of certiorari to the United States Supreme Court." Pierson v. Dormire, 484 F.3d 486,494 (8th Cir. 2007). The Eighth Circuit has recently held that for Missouri prisoners who do not file for transfer to the Missouri Supreme Court pursuant to Missouri Rules 83.01 and 83.04 "'the expiration of the time for seeking [direct] review' does not include the 90-day period for filing for certiorari" with the United States Supreme Court. Riddle v. Kemna, 523 F3d 850, 855 (8th Cir. 2008). Rather, the statute of limitations commences to run when a Missouri prisoner fails to file, fifteen days after the appellate court's decision, the first motion to transfer to the Missouri Supreme Court. "The AEDPA statute of limitations, however, does not begin then if the alternative trigger, 'conclusion of direct review,' occurs later." Under such circumstances the "conclusion of direct review for purposes of §2244(d)(1)(A)" occurs "when the Missouri Court of Appeals issues its mandate." Id. at 856.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Thus, the statute provides that any additional period during which the statute is tolled is added to the one-year period. Peterson v. Gammon, 200 F.3d 1202, 1204 (8th Cir. 2000). While a properly filed state petition for post-conviction relief is pending the 1-year period of § 2244(d)(2) is tolled. Williams v. Bruton, 299 F.3d

4

981, 982 (8th Cir. 2002). The pivotal question arises, therefore, as to when an application for state post-conviction relief is pending. Id. "The term 'pending' includes the interval between the trial court's denial of postconviction relief and the timely filing of an appeal from the denial." Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002) (citing Peterson, 200 F.3d at 1203). It is not "pending," however, "between the date direct review concludes and the date an application for state postconviction relief is filed." Id. (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)). For Missouri prisoners the statute does not commence to run until the appellate court issues the mandate. Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (holding that post-conviction proceedings in Missouri are not final until issuance of the mandate); Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) ("Under Missouri state court procedures, [the petitioner's] post-conviction relief proceedings were not final until the issuance of the mandate.") ; Williams v. Bruton, 299 F.3d 981, 982-83 (8th Cir. 2002). The United States Supreme Court has clarified that the statute is not tolled after the date the mandate issues on the appeal of a post-conviction relief motion whether or not the defendant files for certiorari with the United States Supreme Court. Lawrence v. Florida, 127 S.Ct. 1079, 1083 (2007) ("The application for state postconviction review is [] not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.").

In Petitioner's case, he filed a direct appeal. The Missouri appellate court issued the mandate in Petitioner's direct appeal on November 10, 2004. Because Petitioner did not file for transfer to the Missouri Supreme Court he does not receive the benefit of the 90-day period for filing for certiorari with the United States Supreme Court. See Riddle, 523 F.3d at 855-56. Thus, the statute of limitations commenced running no later than November 11, 2004, the day after the mandate issued. See id.

The statute ran for eighty days until Petitioner filed his post-conviction relief motion on January 31, 2005; at that point the statute was tolled. On September 18, 2007, the Missouri appellate court issued its mandate in the appeal of Petitioner's post-conviction relief motion. As such, the statute commenced to run no later than September 19, 2007. See Johnson, 451 F.3d at 939; Payne, 441 F.3d at 572. Petitioner filed his § 2254 Petition on August 22, 2008. As such, his § 2254 Petition was filed well in excess of the 1-year statutory provision. The court finds, therefore, that Petitioner's § 2254 Petition is untimely and that it should be denied on this basis.

### III.
### CONCLUSION

For the reasons stated above, the court finds that Petitioner's §2254 Petition is untimely. As such, the court further finds that Petitioner's §2254 Petition should be denied in its entirety. The undersigned further finds that the grounds asserted by Petitioner do not give rise to any issues of constitutional magnitude. Because Petitioner has made no showing of a denial of a constitutional right, Petitioner should not be granted a certificate of appealability in this matter. See Tiedeman v Benson, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition filed by Petitioner for habeas corpus pursuant to 28 U.S.C. § 2254 be **DENIED**; Doc. 1.

**IT IS FURTHER RECOMMENDED** that for the reasons stated herein, any motion by Petitioner for a certificate of appealability be **DENIED**.

The parties are advised that Petitioner has eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See <u>Thompson v. Nix</u>, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L Medler

MARY ANN L. MEDLER

UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of March, 2009